DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| James Rohn, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-4397 |
| § | |
| CenterPoint Energy Resources Corp. d/b/a § | |
| CenterPoint Energy and Trans Union, LLC, § | |
| § | |
| Defendants. § | |
| § | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES**

Plaintiff James Rohn ("Plaintiff" or "Rohn") files this complaint against Defendants CenterPoint Energy Resources Corp. d/b/a CenterPoint Energy ("CenterPoint") and Trans Union, LLC ("Trans Union") (collectively "Defendants"), and, in support thereof, states as follows:

## INTRODUCTION

1. This Complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code. §§ 392-392.404; the Deceptive Trade Practices Action ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-17.63; and, negligence.

2. At the end of 2015, Plaintiff paid off an approximately, previously unknown $40.00 gas account balance with Defendant CenterPoint. In March 2018, the CenterPoint account continues to report as delinquent in various of Plaintiff's employment background checks. In addition, while the inaccuracy was on Plaintiff's credit report, Plaintiff was denied employment, took out auto loans, personal loans, and credit cards and may have received a higher rate due to this inaccurate reporting.

3. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate

mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

4. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

5. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

6. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

7. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

8. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

9. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

10. The United States Congress has also found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

11. The Texas legislature also enacted the Texas Debt Collection Act, Tex. Fin. Code § 392.000 *et seq.* ("TDCA") to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

12. The case is also brought under the Texas Deceptive Trade Practices Act-Consumer Protection Act ("DTPA"). Tex. Bus. & Com. Code §§ 17.41-17.63. Section 17.44(a) sets forth its underlying purposes and instructs how it should be applied:

> "This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

13. Plaintiff, by Plaintiff's attorneys, brings this action to challenge the actions of Defendants with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

14. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

15. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

16. Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

17. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

18. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

19. Defendants' conduct falls directly within the scope of the aforementioned statutory sections in that Defendants, through their agents, pulled Plaintiff's credit, without Plaintiff's permission. These inquiries were then reported on Plaintiff's Trans Union Credit Report harming Plaintiff and violating Plaintiff's rights.

20. As was Plaintiff's right under the FCRA, Plaintiff disputed the inquiries and requested that Defendants remove them from Plaintiff's credit report. Defendants illegally ignored Plaintiff's repeated requests, and illegally reported that the inquiries were made on Plaintiff's authority to Defendant Trans Union. The inquiries were illegal and not authorized by Plaintiff.

21. Even after being notified by Plaintiff on multiple occasions that Plaintiff did not consent to the inquiries, Defendants failed to follow-up, investigate, and delete the inquiries from Plaintiff's credit report.

22. The negative report therefore affected Plaintiff's ability to obtain adequate housing, employment, and transportation. Specifically, as a result of the invalid report, Plaintiff's existing credit has been impacted, preventing Plaintiff from being able to obtain new lines of credit based on the negative tradelines. Plaintiff felt helpless, frustrated, and despondent.

23. This action seeks declaratory, compensatory, statutory, and punitive damages, and costs and reasonable attorneys' fees for Plaintiff against Defendants for their negligent, willful, and knowing violations of the FCRA, FDCPA, TCPA, DTPA, and negligence.

## PARTIES

24. At all relevant times, James Rohn ("Rohn" or "Plaintiff") is a natural person who resided in Houston, Texas.

25. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and Tex. Fin. Code §§ 392.001(1).

26. At all relevant times, Defendant Trans Union is a corporation headquartered in Chicago, Illinois and doing business in the State of Texas. Process may be served on Trans Union by delivering process on its president at the following address: Jim Peck, President, Trans Union LLC, 555 W. Adams Street, Chicago, IL 60661.

27. At all relevant times, Defendant CenterPoint is a foreign for-profit corporation doing business in the State of Texas. Process may be served on CenterPoint by delivering process on its registered agent at the following address: C T Corporation System, Registered Agent, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by Tex. Fin. Code §§ 392.001(5), and is therefore a "debt collector" as that term is defined by Tex. Fin. Code §§ 392.001(6), and, 15 U.S.C. § 1692a(6).

29. This action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Tex. Fin. Code §§ 392.001(2).

30. Plaintiff is also informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

31. Plaintiff is informed and believes, and thereon alleges, that Defendants acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## JURISDICTION AND VENUE

32. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681 *et seq.*; 15 U.S.C. § 1692 *et seq.*; and, 28 U.S.C. § 1367 for supplemental state claims.

33. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code. §§ 392-392.404; the Deceptive Trade Practices Action ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-17.63; and, negligence.

34. Because Defendants conducts business within the State of Texas, personal jurisdiction is established.

35. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all relevant times, Plaintiff resided in Houston, Texas which is within this judicial district; (ii) the

conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## FACTUAL ALLEGATIONS

36. On or around March 2018, Rohn applied for a position with Bank of America. As part of the background portion of his application for the position, Bank of America ran Plaintiff's credit report through Trans Union's database. A CenterPoint account that was reported as default/delinquent/derogatory status was reported on Plaintiff's credit report.

37. Plaintiff was requested to submit a letter to Bank of America to explain why the account was in derogatory status.

38. The reporting was of a account balance was inaccurate as CenterPoint failed to send Plaintiff any notice of an outstanding balance on his account.

39. In addition, once Plaintiff learned of the account balance around September 2015, he immediately paid it. CenterPoint promised, in writing, that the inaccurate reporting would be removed on payment of the account balance in full.

40. Plaintiff paid the account balance in full and the derogatory reporting was not removed as promised.

41. Plaintiff also disputed the derogatory reporting with Trans Union since before February 2016. Trans Union did not investigate Plaintiff's dispute and failed to delete the derogatory information.

42. 15 U.S.C. § 1681 regulates Credit Reporting Agencies and the information contained in credit reports.

43. Defendant Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f) because Defendant regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

44. Defendant Trans Union violated 15 U.S.C. § 1681c(f) in that it received several notifications pursuant to section 1681s-2(a)(3) from Plaintiff that information regarding Plaintiff is disputed and failed to include the disputed information in the report.

45. Defendant Trans Union violated 15 U.S.C. § 1681e(a) in failing to maintain reasonable procedures to avoid violations of 15 U.S.C. § 1681c.

46. Defendant Trans Union violated 15 U.S.C. § 1681e(b) in failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

47. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1) in that after receiving notice of a dispute of the inquiries by Plaintiff, Trans Union failed to conduct a reasonable investigation to determine whether the inquiries were inaccurate and subsequently delete said marks.

48. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(2) in failing to provide prompt notice of dispute to each of the named co-defendants when Plaintiff disputed the inquiries with Defendant Trans Union.

49. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) in conducting its reinvestigation of the inquiries in and failing to review and consider all relevant information submitted by Plaintiff.

50. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) in failing to modify and/or delete the inquiries after they were proven inaccurate and unverifiable.

51. Defendant Trans Union violated 15 U.S.C. § 1681i(a)(6) and 15 U.S.C. § 1681i(a)(7) when it failed to provide any notice of any reinvestigation of the inquiries to Plaintiff and failed to provide any notice of any description of reinvestigation procedure.

52. Defendant Trans Union violated 15 U.S.C. § 1681i(b) for failing to provide Plaintiff with a state of dispute after any reinvestigation that did not resolve the dispute.

53. Defendant Trans Union violated 15 U.S.C. § 1681i(c) for failing to clearly note that the inquiries were disputed by Plaintiff.

54. Defendant Trans Union violated 15 U.S.C. § 1681i(d) for failing to furnish notification to Plaintiff of deletion of disputed information.

55. Defendants' violations were not just negligent, but willful.

56. Pursuant to 15 U.S.C. 1681, Plaintiff is entitled to actual or statutory damages, attorney's fees, and court costs, as well as punitive damages for willful violations.

57. Additionally, 15 U.S.C. §§ 1692-1692p regulates debt collectors in their efforts to collect debts. Congressional findings and declaration pursuant to 15 U.S.C. § 1692 found that

there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributed to "personal bankruptcies, to marital instability, to the loss of jobs, and to the invasions of individual privacy." Congress also found that existing laws and procedure for redressing these injuries were inadequate to protect consumers.

58. Plaintiff is a "consumer" pursuant to 15 U.S.C. 1692a(3). The alleged debt is a "debt" pursuant to 15 U.S.C. § 1692a(5).

59. Defendants are a "debt collector[s]" pursuant to 15 U.S.C. § 1692a(6).

60. Furthermore, through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the debt.

61. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.

62. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of Plaintiff's alleged debt.

63. Through this conduct, Defendants also violated 15 U.S.C. § 1691e(8) in communication to the CRAs credit information it knew or should have known was false, including the failure to communicate that the Debt was disputed by Plaintiffs.

64. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.

65. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

66. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692f(1) by attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principal obligation) when such amount is not expressly authorized by the agreement creating the debt or permitted by law.

67. Defendants violated 15 U.S.C § 1692g(a-b) by failing to validate the Debt within the prescribed time or at any time and failing to provide notification required for a disputed debt.

68. Through this conduct, Defendant also violated Tex. Fin. Code § 392.304(19) by using deceptive means to collect a debt.

69. The conduct described herein constitutes "unconscionable action or course of action" as that term is defined by Tex. Bus. & Com. Code § 17.45(5).

70. Through the conduct discussed herein Defendant violated Tex. Bus. & Com. Code § 17.46 by engaging in conduct that is false, misleading, and deceptive.

71. Through the use or employment of false, misleading, or deceptive acts and practices by Defendant, Defendant engaged in conduct that is an unconscionable action or course of action in violation of Tex. Bus. & Com. Code § 17.50(a)(3).

72. Plaintiff did not give notice to Defendant as required by Tex. Bus. & Com. Code § 17.505(a) because the 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations pursuant to Tex. Bus. & Com. Code § 17.505(b).

73. As such, all conditions precedent to the filing of this lawsuit have been complied with to the extent that Plaintiff can comply.

74. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## COUNT ONE
## VIOLATION OF THE FCRA
## 15 U.S.C. § 1681S-2

75. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein.

76. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

77. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

78. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such others

amounts as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT TWO
## VIOLATION OF THE TDCA
## TEX. FIN. CODE §§ 392-392.404

79. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein.

80. The foregoing acts and omissions constitute numerous and multiple violations of the TDCA.

81. As a result of each and every violation of the TDCA, Plaintiff is entitled to injunctive relief, actual damages, reasonable attorneys' fees and costs pursuant to Tex. Fin. Code § 392.403(b), and no less than $100.00 for each violation of this chapter.

## COUNT THREE
## VIOLATION OF THE DTPA
## (Tex. Bus. & Comm. Code §§ 17.41 – 17.63)

82. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein.

83. The foregoing acts and omissions constitute numerous and multiple violations of the DTPA.

84. As a result of each and every violation of the DTPA, Plaintiff is entitled to economic or actual damages, mental anguish damages, and treble economic damages for Defendants' knowing and intentional violation.

## COUNT FOUR
## NEGLIGENCE

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the FCRA, FDCPA, TDCA, and DTPA. Specifically, Defendants owed a duty to refrain from reporting inaccurate information about Plaintiff on Plaintiff's credit report despite knowledge that the inquiries in question were being disputed.

87. Defendants breached Defendants' duties by engaging in the acts described herein each in violation of the FCRA, FDCPA, TDCA, and DTPA.

88. Plaintiff asserts that Defendants are the actual and legal cause of Plaintiff's injuries.

89. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered emotional distress.

90. Due to the egregious violations alleged herein, Plaintiff asserts that Defendants breached Defendants' duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendants' conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendants.

## DEMAND FOR JURY TRIAL

91. Plaintiff hereby demands trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants each be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendants as follows:

- An award of actual damages in an amount to be determined at trial;

- An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(1)(A) against Defendants;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendants;

- An award of actual damages, in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);

- An award of statutory damages for a knowing or willful violation in an amount not less than $100.00 for each violation of this chapter;

- An award of reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b) from each Defendants;

- An injunction preliminarily and permanently enjoining Defendants from engaging in the unlawful debt collection practices stated herein;

- An award of economic or actual damages, mental anguish damages, and treble economic damages for each Defendants' knowing an intentional violation discussed herein pursuant to the DTPA;
- An award of punitive damages in an amount to be determined at trial as it pertains to Plaintiff's Fifth Cause of Action;
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein; and,
- Any and all other relief the Court deems just and proper.

Dated: November 19, 2018

Respectfully submitted,

By: /s/ Ramona Ladwig
Ramona Ladwig
Bar No. 24092659
**HYDE & SWIGART**
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Phone: (214) 880-6362
Fax: (800) 635-6425
Email: ramona@westcoastlitigation.com

*Attorney for Plaintiff*